# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANGELO DAMONE CLARK (#470266), | ) |
| Plaintiff, | ) |
| v. | ) Case No. 15 C 0304 |
| COOK COUNTY, ILLINOIS, et al., | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This memorandum order is issued to follow up on the portion of this Court's January 16, 2015 order ("Order") that identified what plaintiff prisoner Angelo Clark ("Clark") had to provide to convert the Order's provisional grant of in forma pauperis ("IFP") status to an unconditional grant. Here is what Order at 2 stated was required in that respect:

> Specifically, the Application does not contain a certified copy of Clark's trust fund statement(s) for the six month period immediately preceding the filing of the Complaint.[1] Instead Clark indicates that a supplemental IFP Application is forthcoming because he must gather the required information from multiple correctional facilities in which he was incarcerated during the relevant time period. Hence this Court cannot make the calculation called for by Section 1915(b)(1) without obtaining further information from Clark.

Unfortunately Clark has failed to comply with that plain language. All that Clark filed on February 12, although it beat the February 17 deadline set by the Order, is a printout from one unidentified custodial institution for a period that begins with August 12, 2014 and ends after January 12, 2015. It is accompanied by some 25 pages that are totally irrelevant to the task that Congress has imposed on this Court under 28 U.S.C § 1915 ("Section 1915") -- virtually all of

---

[1] That six-month period began on July 13, 2014 and ended on January 12, 2015.

those added pages reflect <u>commissary</u> <u>purchases</u> that Clark has made, not <u>deposits</u> to his trust fund account as called for by Section 1915(b)(1)(A). Moreover, the few pages that do refer to deposits make the inadequacy of the submission even more apparent:

1. One page from the DeWitt County Jail refers to a $39.25 deposit on October 17, 2014, which is unlisted in the one-page printout of transactions referred to earlier in this memorandum order.

2. Another DeWitt County Jail document refers to a November 27 deposit of $65.00 -- once again missing from the printout mentioned earlier.

Nobody is to blame for Clark's noncompliance with the Order but Clark himself -- among the papers he has submitted is a letter from the DeWitt County State's Attorney's Office that refers to Clark's "hav[ing] requested your <u>commissary</u> <u>receipts</u> during incarceration at the DeWitt County Jail." This Court will give Clark one more opportunity to get his act together: If he fails to provide the required information from each of the institutions where he was in custody during the period from July 13, 2014 to January 12, 2015 on or before March 27, 2015, this action will indeed be dismissed.[2]

                                                Milton I. Shadur
                                                Senior United States District Judge

Date: February 20, 2015

---

[2] Because the Order did designate a lawyer to represent Clark on the premise that he would comply with the requirements referred to here, a copy of this memorandum order is being transmitted to that counsel (William Cramer, Esq.). Attorney Cramer is requested to assist Clark in complying with the requirements of this memorandum order.