**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**ANGELO DAMONE CLARK** (#470266), )
)
                Plaintiff, )
)
     v. )     Case No. 15 C 0304
)
**COOK COUNTY, ILLINOIS**, et al., )
)
                Defendants. )

## **MEMORANDUM ORDER**

Because plaintiff prisoner Angelo Clark ("Clark") lacked the full information called for by 28 U.S.C. § 1915(a)(2)[1] from all of the institutions where he had been in custody during the entire six-month period immediately preceding the filing of his Complaint, this Court's January 16, 2015 order ("Order I") granted Clark's Dkt. 3 motion to proceed in forma pauperis ("IFP") provisionally. But even though that grant was provisional, it was clear that IFP status would certainly be conferred when all the required information was in hand, so that Order I granted Clark's motion for attorney assistance [Dkt. 4] and designated attorney William Cramer to act in that capacity.

Regrettably Clark did not comply with the directive in Order I within its specified time period, so that this Court was required to follow up with a February 20 memorandum order ("Order II") that (1) gave Clark "one more opportunity to get his act together" and (2) set a new deadline of March 27 for compliance. And in recognition of the fact that nonlawyer Clark was having difficulty in following this Court's directive, Order II concluded with this n.2:

---

[1] Further references to subparts of 28 U.S.C. § 1915 will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

Because the Order did designate a lawyer to represent Clark on the premise that he would comply with the requirements referred to here, a copy of this memorandum order is being transmitted to that counsel (William Cramer, Esq.). Attorney Cramer is requested to assist Clark in complying with the requirements of this memorandum order.

Attorney Cramer's associate, who is working with him on Clark's representation, recently filed a notification that counsel do anticipate filing an amended complaint on Clark's behalf on or before the previously-set initial status hearing date of April 16. But upon inquiry by this Court's law clerk as to the other aspect of Orders I and II -- the obtaining of all of the information needed for this Court to make the required Section 1915(b)(1)(A) calculation -- counsel reported that the trust fund officer at the Cook County Jail had refused to comply with the lawyer's request for such information, asserting that only a request from the prisoner himself would be complied with.

That response, which the trust fund officer reportedly adhered to despite attorney Cramer's repeated efforts, is frankly outrageous. It does not seem to occur to the trust fund officer that Clark's designated counsel is acting on appointment of this Court and at its specific request. Accordingly, unless the trust fund officer complies with the requirement to provide the information needed for a Section 1915 calculation on or before April 13, 2015, he will be ordered to show cause why he should not be held in contempt of court.

                                                _____
                                                Milton I. Shadur
                                                Senior United States District Judge

Date: March 31, 2015