IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANGELO DAMONE CLARK (#470266), ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15 C 0304 |
| ) | |
| CHARLES DUNLAP and ) | |
| OFFICERS JOHN DOE 1 AND 2, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

This 42 U.S.C. § 1983 ("Section 1983") action brought pro se by prisoner plaintiff Angelo Clark ("Clark") began with his January 12, 2015 filing of his Complaint accompanied by an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion"), all of which documents were submitted on the printed forms made available by the Clerk's Office for use by such pro se prisoner plaintiffs. This Court promptly proceeded with issuance of a January 16 order ("Order I") that (1) granted the Application provisionally and (2), notwithstanding Clark's inability to tender all of the information required by 28 U.S.C. § 1915 ("Section 1915") to confirm the precise amount initially payable by him on account of the filing fee pursuant to Section 1915(b)(1), also granted the Motion.

Because the Application had itself been accompanied by Clark's acknowledgment that he had been in custody at several institutions during the six-month time frame preceding January 12 and that he did not have the requisite trust fund account printouts from those institutions, Order I gave him additional time to comply. When he failed to do so, this Court issued a follow-up February 20 order ("Order II") that allowed additional time and, importantly, that requested Clark's

designated counsel to assist him in that respect (an action understandably taken in recognition of the difficulties faced by an incarcerated plaintiff both in understanding what was needed and in posing the right requests to the custodial institutions).

What followed was extraordinarily disturbing -- an unexplained (and unexplainable) prolonged refusal by the trust fund officer at the Cook County Department of Corrections ("County Jail") to provide that information at counsel's request, coupled with a statement that only a request from Clark himself would be complied with.[1] That recalcitrance understandably triggered another memorandum order by this Court, this time issued on March 31, which provided a brief recap of the sequence of events outlined here and concluded in this fashion:

> That response, which the trust fund officer reportedly adhered to despite attorney Cramer's repeated efforts, is frankly outrageous. It does not seem to occur to the trust fund officer that Clark's designated counsel is acting on appointment of this Court and at its specific request. Accordingly, unless the trust fund officer complies with the requirement to provide the information needed for a Section 1915 calculation on or before April 13, 2015, he will be ordered to show cause why he should not be held in contempt of court.

That broke the logjam, because late last week Clark's designated counsel received and promptly transmitted to this Court's chambers the Cook County Jail's Resident Account Summary that extended from July 2013 through early April of this year.[2] Regretfully, however, that has

---

[1] That refusal to cooperate with Clark's counsel was rendered even more unreasonable by the fact that although the incident that gave rise to Clark's Section 1983 Complaint had taken place at the Cook County Jail, he had since been transferred to the Kankakee County Jail, where he was in custody when he filed suit here.

[2] In addition to providing that submission, Clark's designated counsel has just filed a First Amended Complaint on Clark's behalf, and it is expected that the case will be brought to issue on that new pleading. In light of that filing, the 9 a.m. July 13, 2015 status hearing date will stand as previously set.

not given this Court all of the information needed for the statutorily required Section 1915(b)(1) calculation for a prisoner, such as Clark, who has been in custody at several correctional institutions during the relevant six-month period. But in light of the small amount involved, further pursuit in the interest of precise accuracy would be an even greater waste of resources than what has occurred to this point.

Accordingly, based on the information provided to this Court (though admittedly incomplete), it has determined that the average monthly deposits to Clark's account during the relevant six-month period came to some $32.50, 20% of which is $6.50. Hence Clark is assessed that initial partial filing fee of $6.50 plus 20% of all deposits to Clark's account during the period since January 12, 2015, and the Kankakee County Jail trust fund officer is ordered to collect that amount from Clark's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment the trust fund officer at the Kankakee County Jail (or at any other correctional facility where Clark may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Clark's name and the 15 C 304 case number assigned to this action. To implement these requirements, the

Clerk shall send a copy of this order to the Kankakee County Jail trust fund officer.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 21, 2015